**ORIGINAL**


**FILED**

06/11/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0349

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0349

KIMBERLY COLE,

      Petitioner,

      v.

BRADLEY BRAGG, LEWIS and CLARK
COUNTY DETENTION CENTER, and
BRIAN GOOTKIN, DIRECTOR OF MONTANA
DEPARTMENT OF CORRECTIONS,

      Respondent.

O R D E R

**FILED**

JUN 1 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Kimberly Cole petitions this Court for a writ of mandamus and includes an "affidavit" that has not been notarized. She requests release, alleging "cruel and unusual punishment inflicted" by the law enforcement personnel at the Lewis and Clark County Detention Center (LCCDC). Cole asserts that "[t]he jail staff has been using removal of prescribed medication as punishment[,] and that "[t]he Lewis & Clark County Jail and its medical staff have been over dosing [her] while in jail." Cole states that her years-long prescription of suboxone has been doubled "to 16 mg at once to 'save time'[.]" Cole requests that the Department of Corrections change its medication restrictions policy and reinstatement of her "MAT Program medication to include all medications . . . ."

A writ for extraordinary relief "shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these rules." M. R. App. P. 14(2). A writ of mandamus, also known as mandate, is specific and statutorily driven. To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Cole is not entitled to relief via a writ of mandate against the LCCDC. While she has referenced various constitutional provisions, Cole has not demonstrated entitlement to the performance of a clear legal duty by the LCCDC. Section 27-26-102(1), MCA; *Smith*, ¶ 28. Furthermore, she is no longer placed in the LCCDC. Since the filing of her Petition and according to available electronic documents, Cole has been placed in Passages Assessment and Sanction Center in Billings, as of May 29, 2024. This Court cannot provide the relief that she has requested and through this remedy. Accordingly,

IT IS ORDERED that Cole's Petition for Writ of Mandamus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to: counsel of record; Bradley Bragg, LCCDC; and Kimberly Cole, Passages Assessment and Sanction Center, 1001 South 27th Street, Billings, MT 59101.

DATED this 11 day of June, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2